UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ, | 1:12-cv-1172-AWI-BAM (HC) |
| Petitioner, | |
| vs. | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| EDMUND G. BROWN, | (DOCUMENT #11) |
| Respondent. | |

Petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases.

Here, Petitioner claims that he has suffered barriers with respect to obtaining the record and researching his claims; further, he states that he is incapacitated by medication (Gabapentin) that he takes for pain. However, Petitioner has brought the entire record of the pertinent parole proceedings before the Court. Although Petitioner asserts that the facts will be disputed, the pertinent factual matter is the record of the parole proceedings leading to the denial of parole that is the subject of the petition. Petitioner has raised numerous claims and

has brought them before the Court with a full statement of the facts and his legal contentions. The issues raised are not complex and are routine in nature.

Accordingly, in the present case, the Court does not find that the interests of justice require the appointment of counsel at the present time. Accordingly, IT IS HEREBY ORDERED that Petitioner's request for appointment of counsel is denied.

IT IS SO ORDERED.

Dated:   **September 24, 2012**              /s/ **Barbara A. McAuliffe**
                                             UNITED STATES MAGISTRATE JUDGE